IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ESTATE OF ANDYN TRESS TEMPLE GARDNER
BY ITS TEMPORARY ADMINISTRATOR JOE SHANAHAN   PLAINTIFF

v.   CIVIL ACTION NO. 3:17-CV-774-CWR-FKB

FIRST AMERICAN TITLE INSURANCE COMPANY   DEFENDANT

## NOTICE OF REMOVAL

COMES NOW, First American Title Insurance Company ("First American"), and files this Notice of Removal, and in support thereof would show unto the Court the following, to-wit:

1. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§1332, 1441, and 1446.

2. The Plaintiff, the Estate of Andyn Tress Temple Gardner by its Temporary Administrator Joe Shanahan ("Plaintiff") commenced this action on August 22, 2017, in the Circuit Court of Madison County, Mississippi in Case No. 45CI1:17-cv-00179-JR against First American. A copy of the Plaintiff's *Complaint for Damages* filed in the Circuit Court ("Complaint") is attached hereto and marked as Exhibit "1" and incorporated herein by reference.

3. The claims asserted in this matter relate to certain real property located in Madison County, Mississippi and a policy of title insurance issued in connection with a purchase of said property by the Tress Garner, deceased. *See* Complaint at ¶5. Plaintiff alleges that First American owed a duty to the Plaintiff to provide a defense for it in a separate cause of action, styled *Trustmark National Bank v. Estate of Andyn Tress Temple Gardner, et al* in cause number 2016-1210 in the Chancery Court of Madison County, Mississippi. *See* Complaint at ¶¶7-8.

4.      The Complaint asserts causes of action against First American for breach of contract and duty to defend, breach of duty of good faith and fair dealing, and seeks actual damages, punitive damages, attorneys' fees, and litigation expenses including pre-judgment interest, post-judgment interest and costs.  *See* Complaint at ¶¶ 16-34.

5.      Plaintiff is an Estate pending in the Chancery Court of Madison County, Mississippi in Cause No. 15-01071.  *See* Complaint at ¶1.  The Decedent, Andyn Tress Gardner, was a resident of Madison County, Mississippi at the time of her death.  *See* Exhibit C to Complaint at ¶ 3(a).  The Complaint alleges that the Defendant, First American Title Insurance Company, is a foreign corporation with its principal place of business in California.  *See* Complaint at ¶ 2.  The Defendant is a Nebraska Corporation with its principal place of business located in the State of California.  Thus, diversity exists between the Plaintiff and the Defendant.

6.      The amount in controversy requirement has also been satisfied based upon the claims asserted by the Plaintiff as it alleges it is entitled to a punitive judgment award in the amount of $1,000,000.  *See* Complaint at p. 12.  Moreover, Plaintiff has demanded actual and consequential damages, pre-judgment and post-judgment interest, attorneys' fees, litigation expenses, and costs.  *See* Complaint at p. 11.  Where a party seeks an unspecified and unlimited amount in punitive damages, the amount in controversy requirement is deemed to be met.  *See Rish v. State Farm Fire & Casualty Co.*, 2008 WL 5105015, *1-2 (S.D. Miss. Dec. 1, 2008); *Sun Life Assurance Co. of Canada v. Fairley*, 485 F. Supp. 2d 731, 735 (S.D. Miss. 2007); *Brasell v. Unumprovident Corp.*, 2001 WL 1530342, * 2 (N.D. Miss. Oct. 25, 2001).  Accordingly, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332.

7. Removal in this matter is timely pursuant to 28 U.S.C. §1446. This action was commenced on August 22, 2017. First American was not purportedly served with process in this matter until August 23, 2017. Thus, removal of this action is timely.

8. By filing this Notice of Removal, First American does not waive its rights to objection to service, service of process, sufficiency of process, jurisdiction over the subject matter, jurisdiction over the person, venue, or assert any other applicable defenses. Additionally, First American explicitly reserves any right to have the claims asserted herein resolved solely through arbitration.

9. This Court has supplemental jurisdiction over all other claims asserted by Plaintiff in accordance with 28 U.S.C. §§1367 and 1441.

10. A copy of this Notice of Removal has been sent to Counsel of record for the Plaintiff and will be filed with the Clerk of the Circuit Court of Madison County, Mississippi.

11. The entire state court file will be filed electronically pursuant to 28 U.S.C. §1446(a) and Uniform Local Rule 5(b).

WHEREFORE, PREMISES CONSIDERED, First American prays that this Court assume full jurisdiction over these proceedings as provided for by law.

THIS the 22nd day of September, 2017.

Respectfully submitted,

**FIRST AMERICAN TITLE INSURANCE COMPANY**

By: G. Dewey Hembree, III
     G. Dewey Hembree, III

Of Counsel

G. Dewey Hembree, III (MSB #2247)
McGLINCHEY STAFFORD, PLLC
City Centre South, Suite 1200
200 South Lamar Street (Zip - 39201)
Post Office Drawer 22949
Jackson, Mississippi  39225-2949
Telephone: (769) 524-2300
Facsimile:   (769) 524-2333
ghembree@mcglinchey.com

## CERTIFICATE OF SERVICE

I, the undersigned G. Dewey Hembree, III, McGlinchey Stafford, PLLC, hereby certify that on this day, I filed the foregoing with the Clerk of the Court and that copies of said Notice of Removal was served via electronic means, Certified Mail and/or U.S. Mail, postage, paid, on the following:

Gene D. Berry
Gene D. Berry, PLLC
P.O. Box 1631
Madison, MS 39130
genedberry@berryfirm.net

Thomas M. Milam
Milam Law Office, PLLC
P.O. Box 1247
Madison, MS 39130-127
tom@milamlaw.net

Attorneys for the Plaintiff

Anita E. Wray, Clerk
Circuit Court of Madison County
P.O. Box 1626
Canton, MS 39046

THIS, the 22nd day of September, 2017.

                                                            s/ G. Dewey Hembree, III
                                                                 OF COUNSEL

308569.1